IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: February 6, 2007)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-410 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-411 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-810 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**ANSWER**

The defendant, the United States, for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

Admits that the first sentence in the unnumbered paragraph is plaintiff's statement of its claim. Denies that plaintiff is entitled to any relief. Admits that Exhibit A is the final notice of partnership administrative adjustments ("FPAA") of partnership items of Mickey Management, L.P. (Mickey) for 2002 (Mickey FPAA).

## I. THE PARTIES

1. Denies that Mickey is, or was at any time, a valid partnership for federal tax purposes. Admits only that Mickey has an employer identification number of 04-3606051. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Denies the implied allegation that Mickey is, or was at any time, a valid partnership for federal tax purposes. Admits that Marilyn Sands was a 99% limited partner in Mickey. Admits that Marilyn Sands' taxpayer identification number ends in 7444. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Admits that Mickey designated Mickey Management, Inc. (Mickey Management") as its tax matters partner on Mickey's 2002 partnership return. Admits that Mickey Management has a taxpayer identification number of 04-3606044. Also admits that Mickey Management is the 1% general partner in Mickey. Denies the implied allegation that Mickey was a valid partnership for federal tax purposes. Denies the implied allegation that Mickey Management, Inc., is a valid corporation for federal tax purposes. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Admits. Denies, however, the implied allegation that Mickey Management is a valid corporation for federal tax purposes.

5. Admits only that Alpha I, L.P. ("Alpha") has an employer identification number of 43-1946228. Denies that Alpha was at any time a valid partnership for federal tax purposes. Also denies that Marilyn Sands was a partner in Alpha for federal income tax purposes. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Admits only that Beta Partners, LLC ("Beta") has an employer identification number of 43-1946833. Denies that Beta was at any time a valid partnership for federal tax purposes.

Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

## **II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F. Rules 1 and 2**

8. States that jurisdiction exists, if at all, pursuant to 28 U.S.C., § 1508.

9-11. Admits the allegations of paragraphs 9 through 11.

12. Admits only that on or about November 28, 2006, the amount of $606,884.00 was applied to the tax account of Marilyn Sands for the taxable year ending December 31, 2002. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.

13. Admits that $606,884.00 was tendered by mail to the IRS Revenue Agent Peter Brokus. Currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Admits the allegations of paragraph 14, except to deny the implied allegation that Mickey was a valid partnership.

15. Currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15.

16. Admits only that Mickey Management, Inc. has not filed a complaint for readjustment of partnership items within the period specified in Code section 6226(a). Denies the implied allegation that Mickey was a valid partnership for federal tax purposes.

17. Currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 17.

## III. DESCRIPTION OF THE TRANSACTIONS

18-36. Admits that a series of short sale transactions occurred around December 11, 2001 and that the short sale positions involved were closed around December 26, 2001. Denies the remaining allegations of paragraphs 18-36. To the extent these allegations are true, the United States denies plaintiff's characterization of events and, to the extent such events actually occurred as so characterized, denies that they so occurred for federal income tax purposes.

## IV. THE SERVICE'S POSITION

37. Admits the allegations of paragraph 37, except to deny the characterization of the adjustment in the Mickey FPAA, which speaks for itself.

38. Admits the allegations of paragraph 38, excepts denies the characterization of the adjustments in the Alpha FPAA, which speaks for itself.

39. Admits the allegations of paragraph 39, excepts denies the characterization of the adjustments in the Beta FPAA, which speaks for itself.

40. Admits that plaintiff's complaint challenges all of the adjustments made by the Mickey FPAA. Denies that plaintiff is entitled to any relief. Admits that separate complaints have been filed to challenge the adjustments made in the Alpha FPAA and the Beta FPAA. Denies that those plaintiffs are entitled to any relief.

## V. THE SERVICE'S POSITIONS IN THE ALPHA FPAA

41-45. Denies the allegations of paragraph 41-45.

## VI. MICKEY'S ERRONEOUS TREATMENT OF TAX ITEMS

46-59. Denies the allegations of paragraphs 46 through 59.

## VII. BURDEN OF PROOF

60. Denies the allegation of paragraph 60.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, sustaining the adjustments made set forth in the Mickey FPAA for 2002, dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney

/s/ Louise Hytken
Of Counsel